UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY CORRECTIONAL CARE, et al.,<br><br>    Defendants. | CAUSE NO. 4:21CV29-PPS/JEM |

OPINION AND ORDER

Robert Stewart, a prisoner without a lawyer, filed a complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stewart alleges that he suffers back pain from an old injury. When he was incarcerated at the Tippecanoe County Jail prior to January 2021, he was permitted a bottom bunk pass, an extra mat, an extra blanket, and a two-piece uniform due to his back pain. He was released, but he violated the terms of his release and returned to the Tippecanoe County Jail. Upon his return, he asked for the same accommodations he

received prior to his release. He was told that he would need to see a doctor for those accommodations to be reinstated. Two weeks later, he saw Dr. Elrod. Dr. Elrod asked him to stand and sit. After watching him, she said he was fine and that she would not be granting his request. Stewart explained that he had received these same accommodations prior to his release. She became upset and indicated she would never have given him those accommodations. Stewart asked her to review the file. She refused, became loud, and asked officers to escort Stewart out of her office.

Several weeks later, a nurse indicated she would look at his file and fix it, but the director of nursing told the nurse that Stewart would get nothing because he has had issues with the medical staff in the past and filed a lawsuit to obtain injunctive relief for a different medical condition. He has sued Quality Correctional Care, Sheriff Bob Goldsmith, and Dr. Elrod.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and

decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, giving Stewart the benefit of the inferences to which he is entitled at this stage of the case, I find that he has stated a claim against Dr. Elrod in her individual capacity. He cannot proceed against Sheriff Bob Goldsmith in his individual capacity, however, because he was not personally involved in making medical decisions regarding Stewart's care. However, he will be permitted to proceed against Sheriff Bob Goldsmith in his official capacity to receive constitutionally adequate care for pain associated with his back injury, as required by the Eighth Amendment. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Stewart alleges that Dr. Elrod refused to provide him with orders directing that he be provided with a bottom bunk, an extra mat, an extra blanket, and two-piece uniforms in retaliation for filing a separate lawsuit against her regarding the need for surgical repair of his hernias. *See Stewart v. Goldsmith*, No. 4:19-CV-108-TLS-APR (filed Nov. 14, 2019 and dismissed as moot Feb. 21, 2020). "To prevail on his First Amendment retaliation claim, [Stewart] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at

3

least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, giving Stewart the inferences to which he is entitled at this stage, I find that he has stated a claim for retaliation against Dr. Elrod.

Stewart has also sued Quality Correctional Care. The complaint, however, does not link Quality Correctional Care to any of the alleged wrongdoing, except as the employer of Dr. Elrod. Section 1983 does not permit respondeat superior liability, which holds an employer liable for the actions of its employees without any wrongdoing on the part of the employer. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). Therefore, I will dismiss Quality Correctional Care.

ACCORDINGLY, the court:

(1) GRANTS Robert Stewart leave to proceed against Dr. Elrod in her individual capacity for monetary damages for denying Stewart constitutionally adequate medical care for pain associated with his back injury, in violation of the Eighth Amendment;

(2) GRANTS Robert Stewart leave to proceed against Sheriff Bob Goldsmith in his official capacity for injunctive relief to receive constitutionally adequate medical care for pain associated with his back injury, as required by the Eighth Amendment;

(3) GRANTS Robert Stewart leave to proceed against Dr. Elrod in her individual capacity for monetary damages for retaliating against Stewart for initiating a prior lawsuit against her by refusing to grant him accommodations for back pain that he had been granted previously, in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Quality Correctional Care;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff Bob Goldsmith at Tippecanoe County Sheriff's Department, with a copy of this order and the complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Elrod at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS Tippecanoe County Sheriff's Department and Quality Correctional Care to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if it has such information; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Elrod and Sheriff Bob Goldsmith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 21, 2021.

       /s/ Philip P. Simon  
       JUDGE  
       UNITED STATES DISTRICT COURT